# CRIMINAL CASE.

## Richmond.

### JOHNSON v. COMMONWEALTH.

#### MARCH 17, 1904.

1. CRIMINAL LAW—*Indictment—Defective Count—Demurrer—Verdict on Other Counts.*—Improperly overruling a demurrer to one count of an indictment is no ground for setting aside a verdict of guilty on other counts.

2. CRIMINAL LAW—*Verdict of Guilty on Some Counts and Silent as to Others.*—A verdict of guilty as to certain counts of an indictment and which is silent as to other counts operates as an acquittal as to the latter, and it is unnecessary to enter any judgment of acquittal thereon.

3. FORGERY AND UTTERING—*One Indictment—Separate Counts—Separate Verdicts.*—Forging, and uttering a forged paper knowing it to be forged, are separate and distinct offences, and may be charged in separate counts in the same indictment, and the jury may find a separate verdict of guilty upon each count, and fix the punishment for each offence separately, but the usual and better practice in such cases is to find a general verdict for the two cognate offences charged.

4. EVIDENCE—*Comparison of Writing—Writings Admitted Merely for Sake of Comparison—Enlarged Photographs.*—On an indictment for forgery it is not error to admit in evidence other writings of the prisoner shown to be genuine, and of the person whose writing is alleged to have been forged, also shown to be genuine, for the purpose of comparing by expert testimony the genuine handwritings with the handwriting of the paper alleged to have been forged. Nor is it error to admit in evidence enlarged photographs of these genuine writings for the purpose of facilitating comparison.

5. TRIAL—*What Papers Jury May Take.*—Papers used in evidence before a jury may be carried from the bar by the jury under the express provisions of section 3388 of the Code.

6. INSTRUCTIONS—*Evidence to Support.*—It is not error to refuse an instruction when there is no evidence tending to sustain the theory propounded by it.

7. CRIMINAL LAW—*Keeping Jury Together—When Necessary.*—Where
two separate and distinct felonies are charged in separate counts
of the same indictment, neither of which is punishable by impris-
onment exceeding ten years, but the aggregate punishment for
both of which may exceed that period, the jury must be kept to-
gether. *Keith, P.,* and *Harrison, J.,* dissent on this point.

Error to a judgment of the Hustings Court of the city of
Portsmouth, sentencing the plaintiff in error to the penitentiary
for four years upon conviction of forgery and uttering a forged
will.

*Reversed.*

The opinion states the case.

*Bland & Hope* and *John W. Hopper,* for the plaintiff in error.

*Attorney-General William A. Anderson,* and *John S. Eggle-
ston,* for the Commonwealth.

HARRISON, J., delivered the opinion of the court.

The accused was convicted of two offences:    (1) For forging
and (2) for uttering as true a writing purporting to be the last
will and testament of his deceased wife.    In their verdict, the
jury fixed the punishment at two years in the penitentiary for
each offence.

The court is of opinion that there was no error in overruling
the demurrer to the second and third counts of the indictment.
If the first count was insufficient, as claimed—as to which we
express no opinion—the failure to sustain the demurrer thereto
resulted in no prejudice to the accused, as the jury only found
him guilty upon the second and third counts.    Nor was it neces-
sary, when the jury found a verdict of guilty on the second and
third counts, for the court to enter a judgment of acquittal upon
the first count, for, when the verdict is silent as to any of the

counts in the indictment, it operates an acquittal on those counts.
*Hawley* v. *Commonwealth,* 75 Va. 850.

The court is further of opinion that it was not error to over-
rule the prisoner's motion in arrest of judgment. The ground
of this motion was that the two counts—one for forging and
the other for uttering the will—constituted one and the same
offence, and that the verdict of guilty under each, fixing a pun-
ishment for the offence charged in each count, was convicting
the prisoner twice for the same offence. This position is not
tenable. The second count charged the prisoner with forging
the will. The third count charged him with uttering the same.
The statute (section 3737, Code 1887), prescribes as the pen-
alty for forgery not less than two nor more than ten years in
the penitentiary. The same section prescribes the same punish-
ment for uttering a forged paper, knowing it to be forged. The
verdict of the jury was as follows: "We, the jury, find the pris-
oner, C. C. Johnson, guilty as charged in the second count of
this indictment, and fix his punishment thereon at two years
in the penitentiary; and we, the jury, further find the prisoner,
C. C. Johnson, guilty as charged in the third count of this in-
dictment, and fix his punishment thereon at two years in the
penitentiary." The judgment of the court was in accordance
with the verdict, fixing the term of imprisonment at two years
for the offence charged in the second count, and at two years
for the offence charged in the third count; the latter punish-
ment to commence at the termination of the term of confine-
ment ascertained for the offence charged in the second count.

It is well settled that forging and uttering are separate and
distinct offences. Indeed, the statute makes them separate and
distinct. It is equally well settled that each of these offences
may be charged in separate counts of the same indictment. It is
also true that the jury may find the prisoner guilty upon each
count and ascertain the punishment for each offence separately.

Wharton's Criminal Law (8th Ed.), section 910; *Speers* v. *Commonwealth,* 17 Gratt. 570.

While, in view of these authorities, we feel constrained to hold that in a case like this the jury may find the prisoner guilty upon each count, and ascertain the punishment separately, we are of opinion that the usual and better practice in such cases is to find a general verdict for the two cognate offences charged.

The court is further of opinion that it was not error to admit as evidence other writings of the prisoner, proved to be genuine, and writings of his deceased wife, shown to be genuine, for the purpose of comparing by expert testimony the genuine handwritings with the handwriting of the alleged forged will. Nor was it error to admit enlarged photographs of these genuine writings for the purpose of facilitating such comparison. *Hanriot* v. *Sherwood,* 82 Va. 1; *United States* v. *Ortiz,* 176 U. S. 422, 20 Sup. Ct. 466, 44 L. Ed. 529. Nor was it error for the jury to take the genuine papers, thus introduced, to their room. After the papers had become part of the evidence in the case, no reason is perceived why they should be excluded from the inspection of the jury. The Code of 1887 (section 3388) provides that "papers used in evidence, though not under seal, may be carried from the bar by the jury." See, also, *Hansbrough* v. *Stinnett,* 25 Gratt. 495, 505.

The court is further of opinion that it was not error to reject the instruction offered by the prisoner, and set forth in his bill of exceptions No. 6. Without expressing any opinion as to the accuracy of this instruction, as an abstract proposition of law, it is sufficient to say that there is not a word of testimony in the record tending to sustain the theory propounded by it.

The remaining assignment of error to be disposed of calls in question the action of the court in failing to have the jury kept together during the progress of the trial. Section 4025 of the Code of 1887, as amended by Acts 1893-'94, p. 223, c. 211, provides that, "in any case of felony, when the punishment can-

not be death or confinement in the penitentiary for more than ten years, the jury shall not be kept together, unless the court shall otherwise direct." I am inclined to the view that the statute contemplated the prosecution of a single felony in one indictment, but, where there are two separate and distinct felonies charged in separate counts of the same indictment, neither of which is punishable by imprisonment exceeding ten years, it was not intended that the jury should be kept together unless the court should so direct. In other words, the situation of the prisoner is the same that it would be if two indictments had been found, one for the forgery and the other for uttering, in neither of which cases could the punishment have exceeded ten years of imprisonment, and in neither of which would it have been necessary to keep the jury together. I am unable to perceive why the rule should be otherwise where the two felonies are charged in separate counts of the same indictment, and the jury finds a verdict upon each count, and ascertains the punishment for each offence separately. The majority of the court are, however, of opinion that, although each felony is charged in a separate count of the same indictment, and the jury finds a verdict upon each count, and fixes the punishment for each offence separately, still the one indictment makes but one case, in which it is possible for the jury to find upon the two counts, taken together, a greater punishment than ten years' imprisonment, and that the jury must therefore be kept together, the language of the statute being, "In any case of felony," etc.; that, otherwise, in a single case, the prisoner would be subjected to the same mischief that the statute was intended to protect him against.

For the error, therefore, of not keeping the jury together during the progress of the trial, the judgment complained of must be reversed, the verdict of the jury set aside, and the cause remanded for a new trial.

KEITH, P., concurs in the views expressed by *Harrison, J.*

*Reversed.*