F. J. Patmore *et al. v.* The State.*

(*Nashville.* December Term, 1925.)

1. **CRIMINAL LAW.** Application of rule requiring corroboration of testimony of accomplice must be largely left to judgment of jury.

 The application of the rule requiring corroboration of testimony of accomplice must be largely left to the judgment of the jury. (*Post, pp.* 283, 284.)

 Case cited and approved: Johnson v. Commonwealth, 102 Va., 927.

 Case cited and distinguished: Speers v. Commonwealth, 17 Grat. (58 Va.), 570.

2. **CRIMINAL LAW.** When general verdict as applied to different offenses charged in different counts will be good stated.

 If different offenses grow out of the same transaction, or are but different species of the same offense, counts therefor may, and should, be joined in the same indictment, and a general verdict will be good, though the one offense is punishable differently from the other, and the verdict will be referred to the highest grade of offense charged. (*Post, pp.* 284, 285.)

 Cases cited and approved: State v. De Graffenreid, 68 Tenn., 287; Ayrs v. State, 45 Tenn., 28; Kelly v. State, 66 Tenn., 84; Hall v. State, 71 Tenn., 558.

 Case cited and distinguished: Davis, alias Hennessey v. State, 85 Tenn., 526.

3. **CRIMINAL LAW.** Punishment cannot be pyramided under indictment containing several counts upon verdict of guilty under each, or upon a general verdict.

---

*On right to convict for several offenses growing out of same facts, see note in 31 L. R. A. (N. S.), 693.

 On effect of excessive sentence, see note in 45 L. R. A., 136.

 On power to impose cumulative sentence, generally, see note in 7 L. R. A. (N. S.), 124.

Patmore v. State.

Punishment cann be pyramided under indictment containing several counts upon verdict of guilty under each, or upon a general verdict. *Post, pp.* 285, 286.)

4. **CRIMINAL LAW.** Sentencing defendants cumulatively under each count on which they were convicted held error.

Where defendants were found guilty under two counts charging possession of still and unlawful manufacture of whisky, it was error to sentence defendants cumulatively on each count, where the two offenses were but parts of the same transaction. (*Post. pp.* 285, 286.)

Cases cited and approved: Cronan v. State, 113 Tenn., 542; Pardue v. State, 63 Tenn., 10; Stevens v. McClaughry, 207 F., 18.

Case cited and distinguished: State v. Rounds, 76 Me., 123.

5. **CRIMINAL LAW.** Error committed in applying cumulative punishment to each count held subject to correction on appeal.

Error committed in applying cumulative punishment to each count of the indictment *held* subject to correction on appeal. (*Post, p.* 286.)

6. **CRIMINAL LAW.** Sentence imposing cumulative punishment under two counts modified.

Where defendants were found guilty under two counts charging possession of still and manufacture of whisky, sentence imposing cumulative punishment under each count will be modified, so as to limit the conviction and sentence to the count charging unlawful manufacture. (*Post, p.* 286.)

---

*Headnotes 1.    Criminal Law, 16 C. J., Section 2288; 2. Criminal Law, 16 C. J., Section 2593; 3. Criminal Law, 16 C. J., Section 3030; 4. Criminal Law, 16 C. J., Section 3030; 5. Criminal Law, 17 C. J., Section 3749; 6. Criminal Law, 17 C. J., Section 3749.

FROM SHELBY.

Appeal from the Criminal Court of Shelby County.—
Hon. T. W. Harsh, Judge.

D. B. Sweeney, for appellants.

W. H. Swiggart, Jr., Assistant Attorney-General, for
the State.

Mr. Justice Chambliss delivered the opinion of the
Court.

This is an appeal from a conviction under indict-
ment with two counts charging (1) possession of a still,
or a part thereof, used or intended to be used for the
manufacture of whisky; and (2) the unlawful manufac-
ture of whisky. On the facts of the case it is insisted that
all of the evidence for the State was that of accomplices.
We have carefully examined the record and are satisfied
that the rule requiring corroboration of the testimony
of accomplices has not been violated. The testimony of
the arresting officer, together with that of the two alleged
accomplices, is quite satisfactorily convincing of the guilt
of the plaintiffs in error. This rule of corroboration is
flexible and its application must largely be left to the
judgment of the jury, under proper instructions, which
in this case are conceded to have been given.

The jury found the defendants guilty under both counts
and fixed a fine of $500 for the offense under the first
count and an additional $500 for the offense under the
second, with six months in the county workhouse for the
offense under the second count. The trial judge sen-
tenced the parties not only to pay the fines fixed by the

jury, but sentenced them to the workhouse for eleven months and twenty-nine days on the first count and six months on the second. It is insisted, first, that it is not lawful to convict and sentence on these counts separately; and, second, that the punishment is excessive.

There is authority for the rule that, where separate and distinct offenses are charged under two counts in one indictment, the jury may find the defendant guilty upon each count and fix the punishment for each offense separately. For example, it was so held in *Johnson v. Commonwealth,* 102 Va., 927, 46 S. E., 789, cited by 16 C. J., 1106, in which the charges were (1) forgery, and (2) uttering the forged instrument, but even that court, after citing Wharton's Criminal Law (8th Ed.), section 910, and *Speers* v. *Commonwealth,* 17 Grat. (58 Va.), 570, for the holding, said:

"While, in view of these authorities, we feel constrained to hold that in a case like this the jury may find the prisoner guilty upon each count, and ascertain the punishment separately, we are of opinion that the usual and better practice in such cases is to find a general verdict for the two cognate offenses charged."

Even if it be conceded that two convictions and two punishments may be had in any case upon separate counts, the practice is not approved, and, certainly it must be clear that the offenses are wholly separate and distinct. Our own cases appear to prohibit the practice where the offenses grow out of one transaction and involve but one criminal intent. In *Davis, alias Hennessey* v. *State,* 85 Tenn., 526, 3 S. W., 350, it is said that: "It is well settled that if the different offenses charged in the different counts grow out of the same transaction,

as in the case before us, or if they be but different species of the same offense, the several counts may and should be joined in the same indictment, and a general verdict will be good, though the one offense is punishable differently from the other; and the law in such case refers the verdict to the highest offense, or the highest grade of offense, charged. *Ayrs* v. *State,* 5 Cold., 28; *Kelly* v. *State,* 7 Baxt., 84, and citations; *Hall* v. *State,* 3 Lea, 558, 559.''

And see *State* v. *De Graffenreid,* 9 Baxt., 287.

The instant case seems to come within this rule. While arising under different statutes, and while the offense of possessing is susceptible of being committed without involving liability for the offense of manufacturing, and the two offenses being in this sense separate, on the facts before us the two offenses were but parts of the same transaction, and evidence of the manufacturing affords proof of the possessing. The accused should not be subject to cumulative sentences for the same offense, or for different offenses involving the same intent. Under an indictment containing several counts, upon the verdict of guilty under each, or upon a general verdict, the punishment cannot be pyramided. *Cronan* v. *State,* 113 Tenn., 542, 82 S. W. 477. And see *Pardue* v. *State,* 4 Baxt., 10. In *State* v. *Rounds,* 76 Me., 123, forgery was charged in one count and uttering the instrument in another. The court recognized, as held in *Johnson* v. *Commonwealth,* supra, that these may be separate and distinct offenses, but, in harmony with the view we have above expressed, said: ''Forging and uttering the same paper may or may not be distinct offenses. Here they were not. The crime perpetrated was a single act, one transaction.''

The facts showed that the defendant both forged and uttered the paper with the intent to defraud the same person. The rule is laid down in 16 C. J., p. 1280, that— "Where defendant is charged in different counts of the indictment with separate offenses arising out of the same transaction, and the acts of defendant constitute but one offense, . . . he is not subject to sentence on each count to run successively."

Authorities are cited in support of this rule and the following apt statement is contained in a footnote: "The principle upon which the decisions in these cases rest is that two or more separate offenses which are committed at the same time and are parts of a single continuing criminal act, inspired by the same criminal intent which is essential to each offense, are susceptible to but one punishment"—citing *Stevens* v. *McClaughry,* 207 F., 18, 20, 125 C. C. A., 102, 51 L. R. A. (N. S.), 390.

In *Cronan* v. *State,* supra, the court held that the error committed in applying the cumulative punishment to each count of the indictment was subject to correction on appeal. The court referred the verdict to the higher offense, and the judgment upon that count was affirmed. The judgment in the instant case will be modified, so as to limit the conviction and sentence to the count charging the unlawful manufacture, and with this modification the judgment is affirmed.