CLEEK *v.* STATE.

(*Knoxville,* September Term, 1950.)

Opinion filed June 16, 1951.

458

Bandy & Bandy, of Kingsport, for plaintiff in error.

Knox Bigham, Assistant Attorney General, for the State.

Mr. Justice Burnett delivered the opinion of the Court.

Cleek was indicted, tried and convicted under a two count indictment, the first count charging unlawful

transportation of two gallons of intoxicating liquor, and the second count charging the unlawful possession of two gallons of intoxicating liquor. Under the first count he was found guilty and sentenced to the penitentiary for one year and a day, and under the second count he was fined $200.

Two investigators for the Alcohol Division of the State Department of Finance and Taxation were seated in a parked automobile across the street from a State owned liquor store in Abingdon, Virginia. The plaintiff in error drove up in an automobile along with another man, two women and possibly a child. This car parked in front of the liquor store and the plaintiff in error and his male companion entered the store. Through the window of this store, these officers testify that they saw a clerk packing up whiskey. They also testify that plaintiff in error and his companion made two trips, carrying large packages from the store and placing them in the car. One of these witnesses testifies that he had seen whiskey put up at that store prior to that time and that these men who carried this whiskey out of the store carried five bags each of the size of which would be normally packed a gallon of whiskey. After the whiskey had been loaded into the car the plaintiff in error and his companions drove off in the direction of Roanoke, Virginia. The two officers immediately drove to Kingsport by way of Bristol and Blountville, and parked near the plaintiff in error's taxi stand. The officers waited for about two hours or a little more until the plaintiff in error drove up into the taxi stand, in the same automobile (identified with the same number that it had in Virginia). This time the plaintiff in error was alone. The two officers went to

the taxi stand and the plaintiff in error was asked what he had been hauling. He replied that he had been hauling nothing. The officers requested permission to search the automobile, but the plaintiff in error demanded a search warrant. The officers had no search warrant, but decided to search the car anyway and as a result one of these officers obtained the key from the dashboard, searched the automobile, and in the trunk compartment found ten fifths of whiskey. The distance from Abingdon, Virginia, to Kingsport, Tennessee, is about 35 miles.

The plaintiff in error did not testify but contented himself with his objection to the admissibility of the evidence discovered as a result of the search.

The determinative question in the case is whether or not the search of the automobile was legal. If the arrest without a warrant was justified by the facts and circumstances observed by the officers, then the search, which was incident to such lawful arrest, was authorized. *Dittberner* v. *State,* 155 Tenn. 102, 291 S. W. 839. An officer may lawfully arrest without a warrant when the officer has, with reasonable cause, been led to believe that the person has committed, is committing, or is about to commit a felony. *Dittberner* v. *State,* supra; *Thompson* v. *State,* 185 Tenn. 73, 203 S. W. 2d 361.

The question in the instant case turns upon whether or not the officers had observed circumstances fairly pointing to the commission of a felony by the accused. It is not all searches and seizures that are permitted but only those that are reasonable. It is well said that: "What constitutes a reasonable or unreasonable search and seizure in any particular case is purely a judicial question, determinable from a consideration of the circumstances involved, including the

purpose of the search, the presence or absence of probable cause, the manner in which the search and seizure was made, the place or thing searched, and the character of the articles procured.'' 56 C. J. page 1162.

In the instant case we are satisfied that the search was a reasonable search in view of what the officers had seen at Abingdon, Virginia. It was not necessary for these officers to trail this car then hauling liquor through its obviously various wanderings back into the State of Tennessee. These officers apparently knew Cleek or knew where he was going because they immediately returned to his taxi stand. It is true that it was some two hours later that Cleek showed up at this stand and came from an entirely different direction from that in which he had been seen in Virginia. Naturally these officers presumed that he would eventually show up at his place in Kingsport and as a result of that and because it was entirely out of all reason for them to follow him around it was reasonable for them to apprehend him when he did show up at this place, and make a search. We, therefore, conclude that the search made by them was not unreasonable and was a lawful search and that the evidence procured thereby was admissible against the plaintiff in error. This case is not materially different from that of *Thompson* v. *State,* supra. As a matter of fact this case presents a factual situation which makes it a stronger case for the right of the officers to search than did the facts in the Thompson case. In the Thompson case the officers who made the search merely had information on hearsay from which they made the search. In the instant case the officers saw the plaintiff in error place more than a

gallon of whiskey in his car and as a result of their own observation the search and arrest was eventually made.

The fine imposed upon the plaintiff in error under the second count of the indictment should not have been allowed to stand by the trial judge. This is merely an accumulation of the punishment for the same offense upon which he was convicted in the first count and therefore under the authority of *Patmore* v. *State*, 152 Tenn. 281, 277 S. W. 892, and many other cases, this fine will be remitted.

For the reasons above stated the judgment of the lower court should be modified by eliminating the $200 fine, and as modified the judgment will be affirmed with costs.

· All concur.