# BURNS v. CITY OF NASHVILLE.—261 S. W. (2d) 149.

Middle Section.   March 27, 1953.

Petition for Certiorari denied by Supreme Court, July 17, 1953.

Carl R. Hardin, of Nashville, for plaintiff in error.

Tom H. Proctor, Assistant City Attorney, of Nashville, for defendant in error.

HOWELL, J. The plaintiff in error Hershel Burns was arrested in March 1952 by police officers of the City of Nashville for running a stop sign in the city and when carried to the police station was charged with transporting more than three gallons of whiskey. He was found guilty by the Judge of the City Court and fined $50. The case was appealed to the Circuit Court of Davidson County and the judgment of the City Judge was affirmed by the Circuit Judge.

Burns by proper procedure has appealed in error to this Court and has assigned errors.

■ The first assignment of error is:

"That the Court erred in failing to suppress the evidence of the arresting officers because said evidence was inadmissible, having been illegally obtained,"

After the arrest for running a stop sign, the officers, while standing by the car of the plaintiff in error, saw several packages wrapped in brown paper inside the car and asked plaintiff in error what was in these packages. He replied "whiskey". After the arrest for violating a City Ordinance by running a stop sign, the officers learned that the car was transporting unlawfully more than three gallons of whiskey and was therefore charged with violating Section 6648.17 of the Supplement to the Code of 1952, which makes it unlawful to transport more than three gallons of whiskey except after complying with the provisions of that section. The record does not

disclose that the plaintiff in error had complied with the provisions of this Act.

In this case it does not appear that any search of plaintiff in error's car was made. It was not necessary. He had told the officers he was hauling whiskey and the whiskey could readily be seen inside the back of the car.

In the case of Cleek v. State, 192 Tenn. 457, 241 S. W. (2d) 529, 530, the Supreme Court said:

"It is well said that: 'What constitutes a reasonable or unreasonable search and seizure in any particular case is purely a judicial question, determinable from a consideration of the circumstances involved, including the purpose of the search, the presence or absence of probable cause, the manner in which the search and seizure was made, the place or thing searched, and the character of the articles procured.' 56 C. J. page 1162."

By the second and third assignments of error it is insisted that the judgment is erroneous because there was no City Ordinance prohibiting the transportation of more than three gallons of intoxicating liquors at the time the fine was imposed.

Section 91 of the Charter fo the City of Nashville of 1951 is as follows:

"The Police Department and the members thereof shall be charged to preserve the public peace, prevent crime, detect and arrest offenders, suppress riots, protect the rights of persons and property, guard the public health, preserve order at elections, and to enforce every law of the State and ordinance of the City relating to the suppression and punishment of crime and disorder or to the public health. The members of the Police Department shall possess

all the common law and statutory pawer of constable, except for the service of civil processes.''

Section 53 of Chapter 22 of the Code of Nashvile 1947 is in part as follows.

''State Offenses Made Municipal Offenses.

''The following state offenses are hereby declared to be municipal misdemeanors, the definitions of such offenses to be the same as those contained in the state statutes: * * *

''Intoxicating liquor laws, * * *.

''When any person is convicted of the commission of any of the misdemeanors listed in this section he shall be punished by a fine of not more than fifty dollars and, in the discretion of the city judge, may also be bound over to the criminal court.

''All members of the municipal police force making arrests charging any person with any of the misdemeanors set out in this section shall bring the arrested person before the city court by proper warrant and charges.''

In this case the officers arrested the plaintiff in error for running a stop sign and afterwards upon learning that he was transporting liquor charged him with the State offense of transporting more than three gallons of whiskey without complying with the law relating thereto.

The assignments of error are therefore overruled and the judgment of the Circuit Court is affirmed.

The plaintiff in error will pay the costs.

Affirmed.

Felts and Hickerson, JJ., concur.