**Clabon Z. WELLS and Bennie Ruth Wells, Plaintiffs in Error,**

**v.**

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

Aug. 29, 1973.

Affirmed by Supreme Court May 6, 1974.

Anthony J. Sabella and Jef Feibelman, Memphis, for plaintiffs in error.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Don Young, Asst. Dist. Atty. Gen., Memphis, for defendant in error.

## OPINION

GALBREATH, Judge.

Plaintiffs in error, Clabon Z. Wells and his wife, Bennie Ruth, were convicted in the Criminal Court of Shelby County on three separate indictments charging them with violations of the Drug Control Act of 1971 for the possession of marijuana, cocaine and heroin with intent to sell, and appeal. For the heroin conviction the defendants were ordered to pay fines of $5,000 and sentenced to the penitentiary for not more than ten years; for the cocaine conviction the fines were $3,000 and the imprisonment for not more than eight years; for the marijuana conviction the

fines imposed were $3,000 and the sentences were for not more than five years. All the sentences were ordered to run consecutively.

The defendants were found in possession at their home of rather large quantities of the drugs involved when officers searched armed with a warrant the trial judge found to be valid, and there is no merit to the assignments of error challenging the sufficiency of the evidence. See McBee v. State, 213 Tenn. 15, 372 S. W.2d 173. Nor do we find any substance to the contentions advanced that the statutes under which the defendants were indicted and convicted are unconstitutional as being vague and uncertain. The statutes set out with clarity just what is proscribed and are quite definite in terms.

We also overrule an assignment based on the trial judge's refusal to declare a mistrial when one of the State's witnesses in cross examination as to whether or not Mr. Wells was an addict in an unresponsive answer stated that he knew the defendant sells drugs. The trial judge sustained the objection made and promptly instructed the jury to disregard the answer. This is the approved manner to treat this often encountered situation. See Buchanan v. State, 2 Tenn.Cr.App. 398, 454 S.W. 2d 178.

Also without merit is the insistence that the name of the reliable informant, upon whose information that she had purchased drugs from the home of the defendants the search warrant was issued, should have been disclosed. While we have held, as did the United States Supreme Court in Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639, to the effect that if the informant is also a material witness whose testimony may be of benefit to the defense that his identity must be made known (see Roberts v. State, Tenn.Cr.App., 489 S.W.2d 263), the facts of this case do not indicate that the informant was other than just that—an informant whose identity should have been withheld. All other assignments have been carefully considered and found unmeritorious except those relating to the sentences imposed.

We agree with the defendants' position that they should not have been sentenced to a combined total of twenty-three years for their criminal activity. The defendants were found by the jury to be in the unlawful business of trafficking in drugs. The fact that the drugs were of three different kinds, all of which are substances defined in the statutes, T.C.A. § 52–1413 et seq., and that different punishments may be imposed does not alter the fact that the activities resulting in the defendants' arrests were all part of one illegal transaction.

In pointing out that both convictions for armed robbery and murder at about the same time could not be sustained, our Supreme Court said in Acres v. State, Tenn., 484 S.W.2d 534:

"There is no doubt that these two offenses were committed at the same time and were parts of a single continuing act inspired by the same criminal intent essential to each offense, and were susceptible to but one punishment, and conviction of one is a bar to conviction of the other, Walton v. State, 1 Tenn.Cr.App. 668, 448 S.W.2d 690; Cronan v. State, 113 Tenn. 539, 82 S.W. 477; State v. Covington, 142 Tenn. 659, 222 S.W. 1; Patmore v. State, 152 Tenn. 281, 277 S. W. 892; Dowdy v. State, 158 Tenn. 364, 13 S.W.2d 794; English v. State, 219 Tenn. 568, 411 S.W.2d 702.

\* \* \* \* \* \*

"When this Court finds that only one of the two judgments can stand, the judgment for the greater offense should be allowed to stand. This is the accepted rule."

We therefore void the two lesser convictions and affirm the convictions for the possession of heroin with the intent to sell

in which punishment was imposed, as noted above, of ten years in the penitentiary and fines of $5,000.

O'BRIEN, J., concurs.

MITCHELL, J., filed an opinion, concurring in part and dissenting in part.

MITCHELL, Judge (concurring and dissenting).

I concur in so much of the majority opinion as affirms the conviction for possession of heroin with intent to sell and a penitentiary sentence of ten years and a fine of $5,000.00.

I am unable to agree that the two lesser offenses of possession of cocaine and marihuana with intent to sell should be voided and reversed and dismissed. Therefore I respectfully dissent.

The proof shows that these controlled substances were found at various places on the premises of the defendants. Heroin was found in the front bedroom of the house. Some of the substance was found in a shed on the premises. Marihuana was found in the bathroom where Mrs. Wells was trying to flush it down the drain. Heroin, cocaine and marihuana were found in the locked Buick car belonging to Mr. Wells, which was on the driveway in the defendant's premises, and Mr. Wells had the keys to the car.

Mr. Wells admitted he was a drug addict and that he possessed the drugs for his own personal use.

Mr. Wells was evasive when asked on cross-examination about the drugs found in his car. We quote a part of defendant Clabon Wells' testimony on cross-examination:

"Q. Are these items that you've seen introduced into evidence, were they all in your house or out in the shed?

A. I don't recall all of them being taken from the house. Some of those probably were taken from the house.

Q. Now, it's been testified that and identified that these two, 3A, 3B and 3C, these two are Cocaine and this one is Heroin found in your car in a pouch on the side, is that true?

A. I don't know, Sir. I don't know where they found it.

Q. Well, are you—(INTERRUPTED)

A. I wasn't at the car during the time that they searched it. I was in the house.

Q. Well, is it yours and was it in the car?

A. I don't know, Sir. I can't tell. I don't know because I wasn't you know, at the car during the time of the search.

Q. Also they found a bottle of empty capsules in the car. Is this yours?

A. It's possible.

Q. It's possible. Now, that was your automobile, wasn't it?

A. Yes, sir.

Q. '69 Buick Electra.

A. Right.

Q. Yet you're telling this Court and jury you don't know what was in the pouch.

A. I'm not saying that that came out of the pouch. I don't know.

Q. Well, I'm asking you—(INTERRUPTED)

A. Cause I didn't see it come out. I didn't see the officers take it out, I don't know.

Q. You didn't see it come out. Well, are you saying somebody else put it in there?

A. No, I'm not saying that anybody else put it in there.

Q. OK, now, these—this Exhibit '6' identified as Heroin, the officer described as decks, found in your social security—a little packet here with your social security card, is this yours?

A. Yes, Sir. I did have three of those in there. Those were taken from my pocket.

Q. OK, so you say these are yours?

A. Yes, Sir.

Q. And, what about the Heroin found in the bedroom, this packet here?

A. Yes, Sir, that's mine.

Q. That's yours?

A. I did have some.

Q. And, what about the marihuana, is that yours?

A. That package did come from the house, but I don't know.

Q. You've never seen this before?

A. No more than just seeing it sitting here in Court.

Q. Now, it's been testified that your wife was in the bathroom trying to flush this down the commode and it was in the house. You've never seen this before?

A. I saw it here.

Q. But you didn't know it was in your house?

A. No, Sir.

Q. OK, but you used marihuana, is that correct?

A. I guess so.

Q. Well, did you have any marihuana of your own?

A. Yes, Sir, I did have marihuana of my own."

I cannot agree that the possession of these three classes of controlled substances shown in the proof is one continuing act.

The defendants did not raise this question in their motions for a new trial.

In addition to their many assignments of error, which were overruled in the majority opinion the principal contention of the defendants was that the trial court abused his discretion in ordering the sentences to be served consecutively or cumulatively. I am unable to find where the defendants contended they could not legally be convicted and punished in three cases.

In the cases at bar, in order to find the defendants guilty of possession of heroin for sale, it was not necessary that they be found guilty of possession of cocaine or marihuana for sale.

In Acres v. State, Tenn., 484 S.W.2d 534, cited in the majority opinion, it seems that it was necessary to find the defendant guilty of robbery in order to find him guilty of first degree murder.

I would not void the two convictions of possession of cocaine and marihuana for sale.

I would affirm the convictions in all three of the cases.