**Clabon Z. WELLS and Bennie Ruth Wells**

v.

**STATE of Tennessee.**

Supreme Court of Tennessee.

May 6, 1974.

Rehearing Denied Aug. 5, 1974.

Anthony J. Sabella, Jef Feibelman, Memphis, for plaintiffs in error.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., and Don Young, Asst. Dist. Atty. Gen., for the State.

OPINION

McCANLESS, Justice.

At the September Term, 1971, of the Criminal Court of Shelby County the petitioners, husband and wife, were jointly indicted in three indictments: (1) of feloniously possessing with intent to sell a controlled substance, heroin, as classified in Schedule I of Chapter 163 of the Public Acts of 1971; (2) of feloniously possessing with intent to sell a controlled substance, cocaine, as classified in Schedule II of Chapter 163 of the Public Acts of

1971; and (3) with feloniously possessing with intent to sell a controlled substance, marihuana, classified in Schedule VI of Chapter 163 of the Public Acts of 1971. When the three indictments were found Chapter 163 of the Public Acts of 1971 had not been made a part of our Code, so was properly referred to in the indictments and throughout the proceedings by its Chapter number.

The defendants were tried jointly upon the three indictments. The jury returned verdicts against both: (1) on the heroin charge, each was fined $5,000.00 and sentenced to the penitentiary for not more than ten years; (2) on the cocaine charge, each was fined $3,000.00 and sentenced to the penitentiary for not more than eight years, and (3) on the marihuana charge, each was fined $3,000.00 and sentenced to not more than five years in the penitentiary. The trial judge ordered that the defendants serve their prison sentences consecutively so that each received a total sentence of not more than twenty-three years in the penitentiary.

The trial judge denied the defendants' motion for new trials, and they perfected their appeals to the Court of Criminal Appeals, 509 S.W.2d 520. That court in an opinion, to which one judge dissented, dismissed the convictions for the possession of cocaine and marihuana and permitted those for the possession of heroin to stand. We have granted the State's petition for certiorari and have heard oral argument. We granted certiorari for the sole purpose of determining whether the two offenses in which the lesser punishments had been imposed should have been dismissed by the Court of Criminal Appeals.

The testimony is that on August 24, 1971, officers, who had with them a valid search warrant, appeared at the home of the defendants, and, after knocking at the front door, asked for Clabon Z. Wells. The defendant, Bennie Ruth Wells, opened the door and when the officers told her they wanted to see Clabon Z. Wells she left the door partly opened and went toward the inside of the house. When Clabon Z. Wells came to the door and the officers told him they had a search warrant for his residence he slammed the door. Two officers were standing at a side door and, through a window, saw Bennie Ruth Wells pick up a paper bag and run with it into a bathroom. The officers then forced their entrance through both the front and the side doors and those who entered through the side door saw Mrs. Wells flushing down the commode what seemed to be and what they later found to be marihuana. The officers then searched the dwelling house, an outbuilding, and an automobile parked in the driveway. Clabon Z. Wells in his testimony admitted ownership of the automobile and possession of the outbuilding.

During the course of their search the officers found and seized from places of concealment in the home and in the automobile four packages containing in all more than eighteen grams of heroin; they found also a quantity of cocaine and about a pound of marihuana. One of the officers testified that the heroin and the cocaine had what he called a "street value" of about $2,000.00. During the course of their search the officers found various articles associated with the traffic and use of drugs such as measuring spoons, cigarette papers, and empty capsules. A Chemist employed in the laboratory of the University of Tennessee identified the substances seized as being heroin, cocaine, and marihuana.

Clabon Z. Wells testified that he was a drug addict, attributing his addiction to his having been administered morphine while he had been a hospital patient. He denied knowledge of the marihuana but admitted knowing about the heroin and the cocaine.

The question that we consider determinative of the correctness of the majority opinion of the Court of Criminal Appeals—and that is all that is before us—is whether the record justifies the conviction of

and sentencing of the defendants for three separate crimes or whether each should have been convicted of a single crime. We conclude that each defendant is shown to have committed only one crime and so should have been convicted and sentenced accordingly.

We reason, as did the Court of Criminal Appeals, that all three indictments and their subsequent convictions were for the possession of a controlled substance. The possession of each was made a felony by Chapter 163 of the Public Acts of 1971. The record nowhere shows that the possession of each substance was acquired by a separate act. The possession, on the contrary, was a single possession and a single act. The jury found both defendants guilty of the possession, and the defendants do not now challenge that finding. There is sufficient material evidence to support the jury's conclusion.

But since there was, in each case, a single and not a multiple possession, there should be a single and not a multiple conviction and sentencing. We quote from Patmore v. State, 152 Tenn. 281, 277 S.W. 892 [1925]:

"Even if it be conceded that two convictions and two punishments may be had in any case upon separate counts, the practice is not approved, and certainly it must be clear that the offenses are wholly separate and distinct. Our own cases appear to prohibit the practice where the offenses grow out of one transaction and involve but one criminal intent. In Davis, *alias* Hennessey v. State, 85 Tenn. [522,] 526, 3 S.W. [348,] 350, it is said that: 'It is well settled that if the different offenses charged in the different counts grew out of the same transaction, as in the case before us, or if they be but different species of the same offense, the several counts may and should be joined in the same indictment, and a general verdict will be good, though the one offense is punishable differently from the other; and the law in

such case refers the verdict to the highest offense, or the highest grade of offense, charged. Ayrs v. State, 5 Cold. [26,] 28; Kelly v. State, 7 Baxt. 84, and citations; Hall v. State, 3 Lea, [552,] 558, 559.' "

In Acres v. State, Tenn., 484 S.W.2d 534 [1972], the Court said:

"When this Court finds that only one of the two judgments can stand, the judgment for the greater offense should be allowed to stand. This is the accepted rule."

We conclude, therefore, that the Court of Criminal Appeals correctly dismissed the convictions for possessing cocaine and marihuana, and affirmed those for the possession of heroin. We affirm the judgment of the Court of Criminal Appeals.

DYER, C. J., CHATTIN and FONES, JJ., and LEECH, Special Justice, concur.