.Richard Wesley **DORTCH**, Plaintiff in Error,

v.

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

Aug. 23, 1974.

William H. Horton, Chattanooga, for plaintiff in error; Stophel, Caldwell & Heggie, Chattanooga, of counsel.

David M. Pack, Atty. Gen., Bart Durham, Asst. Atty. Gen., Nashville, Robert Batson, Steven Bevil, Asst. Dist. Attys. Gen., for defendant in error.

## OPINION

O'BRIEN, Judge.

Defendant was convicted of possession of heroin with intent to sell under the provisions of T.C.A. Sec. 52–1432, and sentenced by the jury to five years. The judgment of the court was that defendant be sentenced for not more than five years and not less than five years.

Defendant appeals and makes six assignments of error:

I. The trial court erred in overruling defendant's motion to suppress all evidence seized as a result of an illegal arrest and search of the defendant.

II. It was error to deny defendant's motion to disclose the name of an alleged informant, and in refusing to allow defendant to question a prosecution witness concerning the physical appearance and other identification features of the alleged informant.

III. The State's prime witness gave inadmissible testimony concerning information received from an unidentified alleged informant.

IV. Final argumant of the State was prejudicial and improper in that it referred to inadmissible testimony concerning information received from an unidentified alleged informant.

V. There was insufficient evidence to support the verdict of the jury.

VI. It was error to charge the jury that they could infer guilt of possession of heroin with intent to sell from the quantity of heroin possessed.

In this case two city of Chattanooga plainclothes officers, Nathaniel Shropshire and Sully Batts, acting on information received from a reliable informer to the effect that defendant proposed to engage in the sale of dope at a certain location, proceeded in an unmarked police car and parked in the area where the sale would allegedly take place. The informant had described the defendant, as well as the automobile being operated by him, including the license number, and purportedly had seen the narcotics. Within a very short interval the vehicle described by the informer appeared and parked at the curb. The officers watched until a light came on inside the car and then pulled up, blocking its passage to prevent the car from moving. Defendant leaped from the suspect vehicle, and while one officer backed the police car the other jumped out and informed defendant he was a police officer, requesting him to halt. Defendant ran down the street throwing small packets out of his hand during the time he was running. The officer fired two warning shots and when it appeared to him that defendant was attempting to draw a weapon he fired again shooting him in the leg. Defendant was returned to where the vehicles were parked and advised of his rights. Forty-four or forty-five packets of heroin were found on the ground where they had been thrown by the defendant and another packet was found in the subsequent search of the vehicle. Defendant admitted that he was in possession of the narcotics and stated he had purchased them earlier in the evening for his own use.

All of the foregoing was developed in an out of jury hearing on the motion to suppress the evidence.

■■ It is patently clear that the arrest did not take place until defendant endeavored to escape, strewing the evidence in the wake of his departure which resulted in his arrest, and was subsequently introduced at his trial. Of course, there was no search, and the law has long been settled in this State, as well as on the Federal level, that an officer may lawfully arrest without a warrant when the officer has, with reasonable cause, been made to believe that the person arrested has committed, is committing, or is about to commit a felony. Cleek v. State, 192 Tenn. 457, 241 S.W.2d 529; Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327. Also see State v. Tolden, 224 Tenn. 119, 451 S.W.2d 432; Holder v. State, Tenn. Cr.App., 490 S.W.2d 170.

■ In regard to the second assignment, we do not find error in the action of the trial court in refusing to grant defendant's motion for the name of the alleged informant and in refusing to allow examination of the State's witnesses concerning the identification and physical appearance of the alleged informant. The informant in this case did no more than provide the arresting officers with the tip which led to their investigation. This information was not material to the defense. The convicting evidence was defendant's admission that he possessed the narcotics for his own use, plus the quantity of drugs which he possessed and strewed behind him in his attempt to escape, coupled with the statute which provides for the rebuttable inference that the quantity of controlled substance possessed by an offender may be possessed for the purpose of selling or otherwise dispensed. The arrest of the defendant resulted from some of those factors, and not on the information received from the informer. The assignment is overruled.

■ The third and fourth assignments are without merit. We have read this record with care. In those instances where the State's witness made any reference to information received from his informant, it was either inadvertent, and without objection, or immediately proscribed by admonitions from the trial judge. We do not find prejudice to the defendant particularly in view of the cross-examination on his behalf in regard to the informant. The only argument made by the State in which reference was made to the testimony of the informant was in rebuttal to argument made on behalf of the defense and we do not find prejudice to the defendant. The assignments are overruled.

We have summarized the evidence which led to defendant's arrest and conviction, and it is plainly clear that the fifth assignment to the effect that the evidence was insufficient to support the verdict must be overruled.

■ The final assignment must be overruled. The statute objected to does no more than provide the jury with the prerogative of considering the rebuttable inference that a defendant possesses a controlled substance with intent to sell by considering the quantity which he possesses. Although there was other evidence in this case for the jury to consider in arriving at their verdict, the phrase, "along with other relevant facts surrounding the arrest", included in the statute must be construed in the disjunctive and not determinative of the jury's right to make the inference of possession with intent to sell from the quantity of a controlled substance possessed by an offender, had there been no such additional evidence.

We commend appointed counsel for his diligent and competent effort in representation of this indigent defendant.

The judgment of the trial court is affirmed.

GALBREATH and RUSSELL, JJ., concur.