Wachtler, J.
(dissenting). In order to sustain a search of the trunk of defendant’s car, the People must establish that, at the time the trunk was searched, they had probable cause to believe the trunk contained narcotics. It is my view that the People have failed to present sufficient articulable facts to raise the belief from mere suspicion to the independent probable cause necessary to sustain this warrantless search.
At the time the trunk of defendant’s car was searched the police knew that: (1) the passenger was seen holding a hand-rolled cigarette, (2) when approached, suspects sped away, (3) when defendant’s car was halted, the passenger raced away on foot, (4) the passenger was apprehended and the hand-rolled cigarette, which triggered the chase, was discovered in his jacket pocket. Whether considered singly or cumulatively these facts do not communicate the presence of narcotics in the trunk. The mere observation of a hand-rolled cigarette, of itself, will not constitute probable cause (cf. People v Cantor, 36 NY2d 106; People v Davis, 36 NY2d 280; People v Alexander, 37 NY2d 202). Nor can the flight or the intensity of the flight in the instant case be said to supply the missing ingredient. It is black letter law that evidence of flight is highly suspect (People v Leyra, 1 NY2d 199; Richardson, Evidence [10th ed], § 167) and must be coupled with other reliable *701 information to rise to the dignity of probable cause. Here, the record is barren of additional reliable information. There was no physical indication, such as obvious overloading (see, e.g., People v Butler, 36 NY2d 990; United States v Wooldridge, 508 F2d 802) or the strong odor of marijuana emanating from the trunk (see, e.g., People v Cook, 13 Cal 3d 663) to warrant a belief that additional illicit cargo was aboard. Nor did defendants strew evidence in their wake as they fled (see, e.g., Dortch v State, 517 SW2d 24 [Tenn]). Moreover, the police lacked information from any source whatsoever that this vehicle was a "mule” used to transport large quantities of contraband (see, e.g., People v Martin, 48 AD2d 213; Carroll v United States, 267 US 132) or that it contained anything posing a threat to public safety (Cady v Dombrowski, 413 US 433).
Even conceding, arguendo, that the automobile flight might justify a suspicion that there was more here than meets the' eye, the events after the halt in no way fortify that kernel of belief. Clearly of all the reasons the police could have ascribed to the passenger’s conduct, experience teaches that an ardent desire to avoid the consequences attending a narcotics arrest, is the most probable. More significantly, however, the discovery of the target drugs, namely the cigarette in the passenger Nixon’s pocket, plus the total lack of incriminating evidence in the car’s interior would tend to allay any nascent suspicions that more dangerous drugs were present. Consequently, I consider the instant search of the trunk as an unwarranted, exploratory search which infringed on defendant’s right to be free from unreasonable searches and seizures.
Finally, I would note that the majority’s intimation that the instant search would be justified as an inventory search is not supported by our so-called inventory search cases (People v Sullivan, 29 NY2d 69; People v D’Abate, 37 NY2d 922). An inventory search must be reasonable in both its inception and scope and the police cannot engage in an unlimited search under the guise of an inventory. Such searches or intrusions raise questions which we have not yet considered and are not presented in the instant case.
Accordingly, I would affirm the order of the Appellate Division.
Judges Jasen, Gabrielli and Jones concur with Chief Judge Breitel; Judge Wachtler dissents and votes to affirm *702 in a separate opinion in which Judges Fuchsberg and Cooke concur.
Order reversed and case remitted to the Appellate Division, First Department, for further proceedings in accordance with the opinion herein.