IN THE COURT OF APPEALS

**FILED**

October 15, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

AT KNOXVILLE


REGINA L. CABLE ) KNOX COUNTY
 ) 03A01-9811-CV-00375
 Plaintiff-Appellee )
 )
 )
v. ) HON. BILL SWANN,
 ) JUDGE
 )
CHARLES EDWARD CLEMMONS, JR. )
 ) AFFIRMED AS MODIFIED
 Defendant-Appellant ) and REMANDED


JONATHAN A. MOFFATT OF KNOXVILLE FOR APPELLANT

THEODORE R. KERN OF KNOXVILLE FOR APPELLEE


O P I N I O N


 Goddard, P.J.


 Appellant Charles E. Clemmons, Jr., appeals an order entered in a hearing contending he had violated a previous no contact order of protection entered by the Trial Court in favor of Appellee Regina L. Cable.

After an evidentiary hearing the Trial Court found Mr. Clemmons guilty of six separate violations of the order of protection, fined him $50 and sentenced him to 10 days in jail for each violation. The Trial Court also ordered that he attend therapy sessions while incarcerated and, in addition, counseling following release.

Mr. Clemmons appeals raising the following issues:

I.  THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO DISMISS THE ORDER TO SHOW CAUSE PROSECUTION WHEN THE APPELLANT WAS DENIED A HEARING ON THE ORDER TO SHOW CAUSE WITHIN TEN (10) DAYS OF HIS ARREST AS REQUIRED BY TENNESSEE CODE ANNOTATED SECTION 26-3-612(1).

II.  THE TRIAL COURT ERRED IN FINDING THE APPELLANT GUILTY OF SIX COUNTS OF CRIMINAL CONTEMPT, AND THUS SIX SEPARATE CRIMINAL OFFENSES.

III. THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO ATTEND MANDATORY THERAPY SESSIONS WHILE INCARCERATED AND ADDITIONAL COUNSELING SESSIONS FOLLOWING RELEASE.

As to the first issue, it appears that on August 24, 1998, Mr. Clemmons appeared before the Circuit Court for Knox County to respond to a motion for an order to show cause, which was filed by Ms. Cable. Although a hearing date of September 17 was set forth in the motion, the hearing date was changed to September 3 in the order appointing counsel. Mr. Clemmons was unable to make the $10,000 bond which was set and remained incarcerated until September 3 when he and his counsel appeared before the Trial Judge in accordance with a

notice of hearing.  Ms. Cable was not present on that day

because she had not been notified of the hearing; whereupon,

Mr. Clemmons moved for dismissal under the authority of T.C.A.

36-3-612, which provides the following:


       36-3-612.  Violation of protection
order--Contempt--Hearing--Bond--Notice to protected party.--A
person arrested pursuant to this part shall be taken before a
magistrate or the court having jurisdiction in the cause
without unnecessary delay to answer a charge of contempt for
violation of the order of protection, and the court shall:

       (1) Notify the clerk of the court having jurisdiction in
the cause to set a time certain for a hearing on the alleged
violation of the order of protection within ten (10) working
days after arrest, unless extended by the court on the motion
of the arrested person;

       (2) Set a reasonable bond pending the hearing on the
alleged violation of the order of protection; and

       (3) Notify the person who has procured the order of
protection and direct the party to show cause why a contempt
order should issue.


       We will now list chronologically the pertinent

pleadings and orders necessary for disposition of the first

issue raised in this appeal:


March 29, 1998.  Petition by Regina Lynn Cable seeking order

of protection.

August 24, 1998.  "MOTION FOR AND ORDER TO SHOW CAUSE AND/OR

WRIT OF ATTACHMENT."

August 24, 1998.  Summons for order of protection requiring

Mr. Clemmons to "appear in open court and answer the complaint.
"

<u>August 24, 1998</u>.  Order appointing counsel to represent Mr. Clemmons and scheduling pending contempt charges for trial on September 3, 1998.

<u>August 24, 1998</u>.  Order to show cause, directing Mr. Clemmons to appear on September 17, 1998.

<u>June 2, 1998</u>.  <u>Ex</u> <u>parte</u> order of protection.

<u>June 11, 1998</u>. "PROOF ORDER OF PROTECTION WITHOUT SOCIAL CONTACT."

<u>September 10, 1998</u>.  "ORDER OF PROTECTION WITHOUT SOCIAL CONTACT UPON HEARING FOR CONTEMPT, WITH SENTENCE IMPOSED."

As already noted, the order appointing counsel set the date of trial on September 3, although the order to show cause set the trial for September 17.  In any event, a hearing was held on September 3, which was not attended by Ms. Cable because she had not been notified.  On this occasion Mr. Clemmons moved that the case be dismissed because the hearing date was beyond the 10 days provided in the Statute.  Although there is no order in the record, the motion was presumably overruled and the case re-set for September 10, the date on which the hearing was held.

Our calculations show that September 3 was within the 10 days provided in the Statute, and we are inclined to believe that it was incumbent upon Mr. Clemmons to renew the motion on the date of the hearing, September 10.  Moreover, given the legislative intent of the Statute to provide protection for spouses all as articulated in the case of <u>Kite</u>

v. Kite, an unpublished opinion of the Supreme Court filed in Knoxville on May 19, 1997, we are persuaded that setting of the case for a hearing within the 10-day period meets the requirement of the Statute and satisfies the intent of the Legislature.

Apropos of the second issue, the statement of the evidence shows that Ms. Cable testified as follows:

The Appellee took the stand. Under direct examination, the Appellee stated that the Appellant had contact with her initially on the night of August 23, 1998 by a telephone call. Thereafter, she traveled to his motel room at the Scottish Inn on Callahan Road in Knox County. The Appellee then freely accompanied the Appellant to the Red Lobster on Merchant's Road for dinner. The Appellee testified that the Appellant drank large amounts of liquor and beer as the evening progressed.

Following the dinner at the Red Lobster, the Appellee drove the Appellant back to his motel room on Callahan Road. In the process of doing so, the Appellee stated that he became angry with her because she would not agree to spend the night with him at the motel. The Appellee stated that he grabbed her by her hair from the passenger seat and forced her head against the window while she was driving. She further stated that the Appellant scratched her, pulled a knife out on her and threatened to kill her. The Appellee testified that she was in fear for her life from the actions of the Appellant.

The Appellee testified that she then pulled over on the side of the road at the highway exit and got out of the car. The Appellant then got out of the car and proceeded to damage her car by kicking it and stabbing it with his knife. The Appellee stated that there was a police officer located in a nearby gas station, but that in her fear to get away from the Appellant, she did not seek out the aid of the officer. The Appellee stated that she left the scene, went to her Mother's house and called 911.

Mr. Clemmons insists that the acts committed were so

closely related as to time and place that they should be considered as only one violation of the Trial Court's order.

In support of that he cites the case of Grant v. State, 213 Tenn. 440, 374 S.W.2d 391 (1964), where an attorney was charged with attempt of court for suborning four defendants whom he represented to falsify their testimony. In holding that in fact only one offense of contempt was committed, the Court quoted from Patmore v. State, 152 Tenn. 281, 277 S.W. 892 (1925), as follows:

"Even if it be conceded that two convictions and two punishments may be had in any case upon separate counts, the practice is not approved, and, certainly it must be clear that the offenses are wholly separate and distinct. Our own cases appear to prohibit the practice where the offenses grow out of one transaction and involve but one criminal intent." 152 Tenn. at 284, 277 S.W. at 893.

"The principle upon which the decisions in these cases rest is that two or more separate offenses which are committed at the same time and are parts of a single continuing criminal act, inspired by the same criminal intent which is essential to each offense, are susceptible to but one punishment." 152 Tenn. at 286, 277 S.W. at 893.

Continuing its analysis, the Court then stated the following:

No case could be found which applied the above principle to an analogous situation. However it is significant that all the cases found which allowed cumulative punishment, i.e., separate punishments for each count of contempt, were cases where the several violations occurred at separate and distinct times and did not occur from one single transaction as in the present case.

Despite the fact the present case does not, in all respect, resemble the situation of the cases cited, the above principle should be controlling here, as this situation appears to be within the spirit of the above principle, and no authority has been found which indicates a different result should be reached."

We also believe the case of State v. Pelayo, 881 S.W.2d 7 (Tenn.Crim.App.1994), is helpful. In that case the defendant was charged with two counts of aggravated assault. One count charged that the victim was stabbed on her arm in her home and the other that she was stabbed on her leg outside the home when she was attempting to flee.

The jury found the defendant guilty as to both counts, resulting in an appeal which raised the defense of double jeopardy. In finding in favor of the defendant, the Court held the following (at page 12):

We believe due to the similarity in circumstances that this case requires the same analysis as *St. Clair*.[1] Appellant visited the victim with the intent to spend the night with her as the parties had previously arranged. Upon learning the victim would not agree to sleeping with him, appellant left the victim's residence, went to his automobile, and retrieved a weapon. At that point, appellant formed the intent which he later fulfilled to assault and attack the victim. But for the victim's attempted escape, the multiple stab wounds would undoubtedly have occurred simultaneously. The fact that the victim attempted to run and separated herself from appellant does not divide the assault into multiple crimes. While the assaults were separated by time and place, we believe that, as in *St. Clair*, they coalesced into an "unmistakable single act," though separated by a few seconds and feet. Thus, we conclude that appellant committed one offense of aggravated assault.

We conclude that the facts of this case bring it

within the rationale of <u>Grant</u> and <u>Pelayo</u>, requiring us to vacate all but one of the six separate convictions, leaving standing as punishment a $50 fine and a 10-day incarceration.

As to the final issue, Ms. Cable attempts to justify the requirement for counseling on the ground that it is appropriate punishment for civil contempt.  Moreover, it might be true that the Trial Judge could have suspended penalties for criminal contempt, conditioned upon Mr. Clemmons receiving the counseling which he had ordered.  Still further, it is true that such a requirement might be valid if the proceedings were meted out incident to a civil contempt citation.  The record, however, does not support a charge against Mr. Clemmons for civil contempt.  Indeed, it is clear that the proceeding was a prosecution for criminal contempt.  Therefore, a requirement for counseling cannot be imposed and must be deleted from the judgment of the Trial Court.

The order of protection speaks of "the standard of proof for criminal contempt" and the statement of the evidence contains the following:

### THE HEARING

The Appellee was present for the hearing held on September 10, 1998.  The Trial Court appointed Ms. Sabrina McCarthy, Esquire of the Knoxville Legal Aid Society to represent the Appellee in the prosecution of the Order to Show Cause hearing.

Prior to the hearing on that day, counsel for the

appellee stated to counsel for the appellant that six counts of criminal contempt would be sought at the hearing. At the beginning of the hearing, the Trial Court stated that the Appellant was charged with six counts of criminal contempt as set forth in the Motion for and Order to Show Cause and/or Writ of Attachment. The Trial Court asked the Appellant whether he desired a continuance of the hearing and the Appellant stated that he did not.

For the foregoing reasons the judgment of the Trial Court, as modified, is affirmed and the cause remanded for such further proceedings as may be necessary and collection of costs below. Costs of appeal, as well as costs below, are adjudged one-half against Ms. Cable and one-half against Mr. Clemmons.

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.


_____
Charles D. Susano, Jr., J.