George Ahdeews, J.,
delivered the opinion of the Court.
The indictment in this case is for forgery, and contains two counts; the first charging the defendant with forging a certain due bill, with intent to defraud S. T. Atkins. The indictment sets forth the alleged fradulent paper, which purports to be a due bill signed by S. T. Atkins, and payable to bearer.
The second count charges the defendant with transferring and passing a like false and forged due bill, which is set out in the indictment, to Mary Caps, with intent to defraud S. T. Atkins.
The defendant moved to quash the indictment, which motion was sustained by the Court, and the indictment quashed; and the State appealed in error to this Court.
The first objection taken to the sufficiency of the indictment in this record, is, that the fraudulent paper set forth by copy in the indictment, does not appear to have been stamped as required by the laws of the United States; and there is no allegation that it was stamped, or purported to be stamped. It is urged *552 %at the statute of the United States declares that every instrument, requiring a stamp, which shall not be stamped according to law, shall be deemed invalid and of no effect; and hence, the forgery of such an instrument could not, in contemplation of law, work any injury to the party whose name is forged; or since its invalidity must appear upon its face, to the party to whom the document is transferred; and therefore the fradulent making or transferring of such an instrument is not “to the prejudice of another’s rights.” We do not undertake now to decide whether an omission under innocent mistake to affix the proper stamp renders the instrument void.
The objection has much plausibility, but we are satisfied that it cannot be sustained.
Under our practice . of using, not stamped paper, but an adhesive stamp, to be affixed to the instrument, and cancelled with the initials of the party and the date, and which stamp can be so easily affixed by any person at any time, it is obvious that, to hold that no offense was committed by the making and uttering of a forged instrument, so long as no stamp was affixed, would be allowing a dangerous latitude to the evil-disposed.
It is the well settled law of England, that, upon indictments for forgery, the existence of a stamp upon the forged instrument need not be averred or proved: 1. Archb. Cr. Law, 485, 2 do. 869; 2 Bishop Cr. Law, sec. 443; 4 Black. Com., 247; 2 East Pleas of Crown, 955. A leading case in England, is Rex vs. Hawkesworth, cited in East Pleas of Crown, 955, *553 where the defendant was indicted for forgery of a bill of exchange; and the same objection was taken, which is raised in the present case. The prisoner was convicted, and it was held by all the judges, that the conviction was proper; one ground of the decision, apparently being that the holder might, under the statutes then existing, get the bill stamped after it was made. Mr. East, after citing the above case, says it “was confirmed in Rex vs. Morton, which was an indictment for knowingly uttering a forged promissory note, as it appeared at the trial, on unstamped paper.
“The case underwent much consideration, and was debated by the judges in Michielmas Term, 1795, and in the Hilary and Easter Terms, 1796, on the principal point, as well as upon the question whether the statute 31 Geo. Ill ch. 25, sec. 19, which passed after Hawkesworth’s case, and prohibits the stamp to be affixed afterwards, had made any difference; and though two or three of the judges doubted, at first, the propriety of Hawkesworth’s case, if the matter were res integra, yet they all agreed, that being an authority in point, they must be governed by it, and that the statute, 31 Geo. III, ch. 25, sec. 19, made no manner of difference in the question; for that the only thing to be regarded was the state of the note at the trial, and not what might be its state afterwards.
“And most of the judges maintained the principle of Hawkesworth’s case to be well founded; for they held that the acts of Parliament, which had been referred to and relied on, being mere revenue laws, meant to make no alteration in the crime of forgery, but only to *554 provide that the instrument should not be available for the purpose of recovering on it in a court of justice, but it might be received in evidence for a collateral purpose; and instances of this might occur under the sixth section of the statute, 31 Geo. Ill, by which persons drawing bills on unstamped paper, were chargeable with the duties; and also, under the tenth section of the same Act, by which they are made liable to a penalty of £20 — in both of which cases, the note or bill must be used in evidence. That it was not necessary to constitute forgery, that the instrument should be available. That though a compulsory payment by course of law, could not have been enforced for want of the proper stamp, yet a man might be equally defrauded by reason of a voluntary payment being lost to him. That, if this were a sufficient defense, forged securities might be published on improper stamps with impunity, which would carry the mischief to an alarming extent. That the stamp itself, might be forged; and it would be a strange defense to admit in a court of justice, that, because a man had forged the stamp he ought to be excused for having forged the note itself; which would be setting up one fraud in order to protect him from the punishment due to another.”
If the defendant had affixed a genuine or a forged stamp to the instrument forged, there can be no doubt that his offense would be complete; but the affixing of such stamp could not affect the invalidity of the forged due bill; and the only effect would be to render the plan of the fraud a little more perfect and effectual. But the making of this instrument might operate to *555 the prejudice of Atkins’ rights, by subjecting him to the penalty imposed by the statute for making and issuing unstamped instruments.
But further: though the statute declares, that certain unstamped instruments shall be deemed invalid and of no effect, yet, such instruments are invalid only in a qualified sense; for the same section of the statute gives to any person, having an interest in an unstamped instrument, the right to appear before the collector, and upon payment of a certain penalty, to have the proper stamp affixed, with the effect to make the instrument valid as if stamped when made. It is not, therefore, necessary that the forged instrument shall he stamped when made and uttered, in order that it should operate to the injury of another’s rights.
It is further objected, that the second count of the indictment, which is for passing and transferring the forged due hill to Mary Caps, with intent to defraud S. T. Atkins, does not show the commission of any offense, and that it should have charged an intent to defraud Mary Caps, instead of S. T. Atkins. We do not see the force of this objection. The actual intent in the defendant’s mind might have been to defraud either Atkins or Mary Caps, and the effect might have been to defraud either.
If the intent was, as it might have been, that Atkins should be induced or compelled to pay the due-bill, it was a clear intent to defraud him, and we see no objection to charging the intent in that mode.
The second count of the indictment charges that' the defendant did offer to transfer and pass, dispose of, and *556 put off, and did then and there transfer and pass, to one Mary Caps, a certain false and forged due-bill. It is insisted, that this count charges two distinct and separate offenses — the offering to pass, and the passing, of the forged instrument. The words of the statue, under which this count is framed, are: “Whoever fraudulently passes, or transfers, or offers to pass or transfer, any forged paper,” etc.
We do not think that this statute creates two separate and distinct felonies. It merely declares, in effect, that the felony named shall be complete upon the offer to perform the felonious act, as well as upon its complete performance. Undoubtedly, a person might be properly indicted and convicted, for either the offer to pass, or for the passing. But the passing is merely the completion of the act of offering to pass, since the party could hardly pass the forged paper without offering to pass it. If the statute had declared these two acts to be distinct felonies, or had pi'ovided distinct punishments for them, the objection would have more weight. But the indictment in this case having stated that the defendant did pass the forged paper, is not vitiated by the unnecessary averment that he offered to pass it: 1 Archb. Cr. Law, 96; 1 Bishop Cr. Law, sec. 148.
We think the indictment sufficient, and the judgment of the Circuit Court quashing it must be reversed, and the cause remanded to be proceeded in.