Buren v. The State.

## N. B. BUREN v. THE STATE.

FORGERY. *Passing forged paper.* Fraudulent passing or transferring, and offering to pass or transfer, any forged paper knowingly, with intent to defraud another, is not included in the charge of forgery.

### FROM RUTHERFORD.

Appeal in error from the Criminal Court of Rutherford county. MATT. W. ALLEN, J.

J. M. QUARLES for Buren.

ATTORNEY-GENERAL LEA for the State.

DEADERICK, C. J., delivered the opinion of the court.

Buren was convicted in the criminal court of Rutherford county, upon an indictment containing two counts, one for forgery, and one for obtaining goods upon false pretenses. The verdict was general, and the defendant, having moved for a new trial, which was refused, has appealed in error to this court.

The court charged the jury, that while the count

for forgery charged that offense alone upon its face, yet it included the charge of another felony, to-wit, the fraudulent passing or transferring, and offering to pass or transfer any forged paper, knowing it to be forged, with intent to defraud another.

Forgery is defined to be the fraudulent making or alteration of any writing to the prejudice of another's rights: New Code, sec. 5492.

The next section makes the knowingly passing or transfer of forged paper with intent to defraud, a felony: Sec. 5493.

This latter felony is not included in the charge of forgery. The one is complete by the fraudulent making or alteration of the paper with intent to defraud. The forgery may be done by one person, and the uttering or passing by another. They are distinct, substantive offenses, like stealing and receiving stolen goods, knowing them to have been stolen, and must be averred in distinct counts, when united in the same indictment.

The charge of the court was misleading and erroneous, in that it instructed the jury that they might find defendant guilty of passing, under the count for forging, there being no count charging passing, or offering to pass, the forged paper.

The judgment must be reversed.