## LUTTRELL *v.* THE STATE.

### (*Knoxville.*    October 30th, 1886.)

1. INDICTMENT. *Sufficiency of. Forgery.*

   An indictment for forgery is sufficient which charges the offense with such degree of certainty as to enable the Court to pronounce a proper judgment in case of conviction.

   Code cited: ? 5946 (M. & V.); ? 5117 (T. & S.)

2. SAME. *Setting out forged instrument in hæc verba. Variance in proof.*

   An indictment for forgery must set out the forged instrument with literal accuracy, or state good cause for the omission to do so; and the instrument thus set out must be shown in proof with the same accuracy. Hence, where the indictment purports to set out the forged instrument—a bill of costs—in *hæc verba*, and, as thus set out it contains the names of but seven witnesses and the instrument shown in proof contains the names of ten witnesses, and two of the seven names set out in the indictment are different from those shown in proof, there is a fatal variance between the allegations and the proof.

   Cases cited and approved: Croxdale *v.* The State, 1 Head, 139; Hooper *v.* The State, 8 Hum., 95.

3. FORGERY. *Over one's own signature.*

   A person may commit forgery by fraudulently making, *over his own signature,* a paper writing which, if genuine, would possess legal efficacy and might operate to the prejudice of another's rights.

   Code cited: ? 5492 (M. & V.); ? 4718 (T. & S.)

   Cited: 2 Bish. Cr. Law, ? 245.

4. SAME. *Same. Same. Bill of costs.*

   The certified bill of costs required by ? 6450 (M. & V.), Code, to entitle a Justice of the Peace to receive his costs in criminal cases from the State or county, is a "writing" within ? 5492 (M. & V.) Code, and the subject of forgery. Such bill of costs, if genuine, possesses undoubted legal efficacy, and is the foundation of the legal liability of the county or State.

   Code cited: ?? 5492, 6450 (M. & V.); ?? 4718, 5574 (T. & S.)

Luttrell *v*. The State.

5. SAME.    *The State or a county is a person.*

The State or a county is a person in contemplation of the law against forgery, and a "writing" made to the prejudice of either is within the meaning of the statute (§ 5492 (M. & V.) Code), made to the prejudice of *another's* rights.

Code cited: § 5492 (M. & V.) ; § 4718 (T. & S.)

Cases cited and approved: Garner *v*. The State, 5 Lea, 213; Foute *v*. The State, 15 Lea, 712.

6. SAME.    *Erroneous admission of evidence.*

Where an indictment charges the defendant with forging but not with passing or offering to pass the instrument, the admission on the trial of evidence that he did sell and transfer the paper constitutes reversible error.

7. PRACTICE.    *Motion in arrest made too late, when.*

A motion in arrest of judgment, made by a defendant in a felony case twelve (12) days after his appeal had been granted and he had given his recognizance for his appearance before the appellate court, cannot be properly considered by this Court, the order of Court granting the appeal not having been vacated.

---

### FROM KNOX.

---

Appeal in error from the Criminal Court of Knox County. September Term, 1886. S. T. LOGAN, J.

W. L. LEDGERWOOD and M. L. HALL for Luttrell.

Attorney-General PICKLE for the State.

CALDWELL, J. R. J. Luttrell, a Justice of the Peace for Knox County, was indicted and convicted in the Criminal Court at Knoxville for forging a bill of costs. He has appealed in error to

this Court, and many reasons upon which it is claimed a reversal should be had have been pressed upon us by his counsel in argument.

The indictment charges "that R. J. Luttrell, on the 12th day of November, 1885, in Knox County, unlawfully, fraudulently, and feloniously did make, utter, and forge a certain paper writing in words and figures as follows, to-wit:

'*The State* v. *Elizabeth Bell.* Judgment in favor of defendant. (Vagrancy.) Bill of costs:

'War., .50; judgt., .75; aff'd, .10; wit. aff'd, .15; docket., .15; 1 subp., .10; wit., .70 . . $2 45
'Officer J. W. Perry, arrest, $1.00; sum., .10; wit., $2.50 . . . . . . . . . . . . . . . 3 50
'Wit.: Robert Bell, .50; Wm. Drummon, .50; Geo. White, .50; Jas. Pratt, .50; Jno. Burnett, .50; Jno. Roberts, .50; N. F. Luttrell, .50. . . . . . . . . . . . . . . 5 00

$10 95

\* \* \* \* \* \* \* \* \* \*
'(Signed) R. J. LUTTRELL, *J. P.*'

\* \* "Which said paper writing \* \* was a forgery in this: The said R. J. Luttrell is a Justice of the Peace for the Twenty-third Civil District of Knox County, and State of Tennessee, and in making out his costs against the County of Knox as Justice of the Peace he incorporated therein the case of *The State* v. *Elizabeth Bell,* for va-

grancy, with accruing costs, as shown by the paper aforesaid, to the amount of ten $\frac{95}{100}$ dollars, which was false, fraudulent, and felonious,    *      * made and uttered to the prejudice of Knox County *      *      * by the said R. J. Luttrell; and he, the said R. J. Luttrell, well knew the same to be false, fraudulent, and felonious when he so made and uttered the same to the prejudice of the rights of Knox County as aforesaid. So the grand jurors aforesaid, upon their oath aforesaid, do say that the said R. J. Luttrell, in the making and uttering of the foregoing claim against the said Knox County, unlawfully, fraudulently, and feloniously committed forgery, to the prejudice of Knox County." *     *     *     *     *     *     *

It is insisted by counsel that the indictment should be quashed, upon two grounds:

*First*—Because no offense is sufficiently charged.

*Second*—Because a man cannot be guilty of a forgery in making a paper writing and signing his own name to it.

Neither of these positions is tenable. As to the first, we need only say that the charge is made with such degree of certainty as to enable the Court to pronounce a proper judgment in case of conviction. Of this there can be no doubt, and that is all that is required. Code (M. & V.), § 5946. The answer to the second is equally obvious and easy. By our statute "forgery is the fraudulent making or alteration of any writing to the prejudice of another's rights." Code, § 5492. Forgery

is one class of common law cheats, and is by Bishop defined as "the false making or materially altering, with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy or the foundation of legal liability." 1 Bish. Cr. Law, Section 1008.

Manifestly, the bill of costs alleged to have been forged by Luttrell is a "writing" within the scope of the definition given. It is a writing authorized, and, in fact, required by law, to entitle a Justice of the Peace to receive payment of his costs in criminal cases. Code, § 6450. His bill of costs is his demand for services rendered in legal proceedings before him. If it be genuine, it has undoubted "legal efficacy," and is "the foundation of legal liability;" and if it be in due form, though not genuine, it may, and will if used, operate "to the prejudice of another's rights"—in civil cases to the prejudice of the person against whom the costs are assessed, and in criminal cases, where the judgment is for the defendant, to the prejudice of the county.

The State or a county is a person in contemplation of the law against forgery, and a writing made to the prejudice of either is, in the language of the statute, a writing "to the prejudice of another's rights." *Garner* v. *The State*, 5 Lea, 213; *Foute* v. *The State*, 15 Lea, 712.

"Lord Coke says that forgery is properly taken when the act is done in 'the name of another person.' Yet there is a doctrine, stated also by

Coke, which 'seems to rest on ancient adjudication and is sustained by the English Commissioners in their report of 1840 — namely, that, to use their own language, an offender may be guilty of a false making of an instrument, although he sign and execute it in his own name, in case it be false in any material part and calculated to induce another to give credit to it as genuine and authentic. * * * This happens where one, having conveyed land, afterwards, for the purpose of fraud, executes an instrument purporting to be a prior conveyance of the same land.'" 2 Bish. Cr. Law, Sec. 245.

A conclusive illustration and demonstration of the fact that one may, in his own name and over his own signature, make a writing to the prejudice of another's rights, is shown in the case before us. A bill of costs with the name of R. J. Luttrell thereto attached, is by him sold and transferred to another person, who presented it to the county of Knox and received payment.

The motion in arrest of judgment cannot properly be considered by this Court, motion for new trial having been overruled and appeal in error having been completed by recognizance of defendant and his sureties twelve days before the making of the motion in arrest of judgment, and the order of the Court granting the appeal not having been vacated to allow the defendant to make his motion in arrest of judgment.

There is error, however, in the action of the Court in refusing to grant a new trial.

*First*—There is no proof whatever of the venue. No witness is asked, or attempts to state, in what county the alleged forgery was made.

*Second*—No one says that the defendant made out or signed the bill of costs, or authorized any one to make it out or sign it for him. On the contrary, it is shown by the State's witness, De-Armond, who purchased the bill of costs, that neither its body nor the signature is in the hand-writing of defendant.

*Third*—The instrument set out in the indictment, and alleged to have been forged, contains the names of only seven witnesses, while the instrument shown in proof contains the names of ten witnesses. Moreover, the names of two of the witnesses set out in the indictment are "Jas. Pratt" and "Jno. Burnett," while the names of the two corresponding witnesses in the paper writing, offered in evidence, are plainly "Joseph Pratt" and "John Bennett."

In these respects there is a variance which is fatal.

"In an indictment for forgery, it is essentially necessary that the instrument alleged to be forged should be set forth with literal accuracy, if in existence and within the control of the prosecutor; and if not in existence, or not within the control of the prosecutor, the excuse for the omission to set forth the instrument must be stated." *Croxdale* v. *The State*, 8 Hum., 139; *Hooper* v. *The State*, 1 Head, 93.

It follows necessarily, and is familiar law, that the instrument which is set forth with so much precision in the indictment must be shown in the proof with the same accuracy.

In the several particulars mentioned the evidence fails to sustain the verdict.

*Fourth*—The forgery not being in any sense established, and there being no count in the indictment against the defendant for passing, or offering to pass, a forged paper, it was error to admit proof that defendant did sell and transfer the paper alleged to have been forged.

An indictment will lie for fraudulently transferring a forged paper, knowing it to be forged, and with intent to defraud. Code, § 5493. And a count for such offense might lawfully be joined with a count for forgery itself. 15 Lea, 715. But that was not done in this case, and the evidence of the transfer was improperly admitted.

It is true the words "utter" and "uttered" are several times used in the indictment before us, but they were obviously intended by the draftsman only as a part of the charge of forgery; or, if intended to charge a fraudulent transfer, or an offer to transfer a forged instrument, the whole language used is entirely insufficient for that purpose.

The fact of the variance and the improper evidence may be guarded against in the Court below on another trial by another indictment. 1 Head, 94.

Reversed and remanded.