GEORGE RAY BALDWIN

*v.*

STATE OF TENNESSEE.

372 S.W. 2d 188

(*Nashville,* December Term, 1962.)

Opinion filed November 6, 1963.

GEORGE E. BARRETT, Nashville, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, THOMAS E. Fox, Assistant Attorney General, for the State.

MR. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

The defendant was tried and convicted on a two count indictment in the Davidson County Criminal Court. He had been tried on the same indictment at a prior term of the same court, but the jury had been unable to agree on a verdict and the trial judge had declared a mistrial. At the second trial, the jury, in a verdict hereinafter set forth, found the defendant guilty and assessed his punishment at confinement in the State penitentiary for a period of not more than five (5) years. From this conviction, the defendant has seasonably appealed in error to this Court and the case is now before us on the technical record.

The defendant is charged in the first count of the indictment with the crime of forgery as that crime is defined in sec. 39-1701, T.C.A. The second count charges that the defendant passed or offered to pass a forged instrument in violation of sec. 39-1704, T.C.A.

The defendant contends, *inter alia*, that this is the second time that he has been placed in jeopardy for the

forgery alleged in the first count of the indictment. In support of this contention, the defendant submits the court's charge to the jury at the first trial. This charge, he argues, shows that after jeopardy attached at the first trial, but before the jury retired to consider of their verdict, the State dropped its prosecution on the first count and elected to proceed only on the second count.

The trial court's charge at the first trial was sent up by the clerk of the court below, and we are urged to consider it along with the technical record. This we cannot do. In order to obtain a review by this Court of the trial court's charge, the same must be made a part of the properly authenticated bill of exceptions. *Ward v. State,* 102 Tenn. 724, 52 S.W. 996 (1889). If this is not done and the charge is included in the record, it will be stricken. *State ex rel. Britt v. Burns,* 192 Tenn. 514, 241 S.W. 2d 551 (1951). Since the technical record does not sustain the defendant's contention of double jeopardy it results that the same must be overruled.

The verdict rendered by the jury at the second trial and upon which the trial court pronounced judgment provides as follows:

"That they find the defendant guilty of forgery or passing forged papers or attempting to pass forged papers under $100.00 and assess his punishment at confinement in the State Penitentiary for a period of not more than 5 years."

It will be noted that the verdict is expressed in the disjunctive or, to put it another way, in the alternative. The verdict attempts to find the defendant guilty of forgery *or* passing forged papers *or* attempting to pass forged papers. While at first blush it may appear that the jury

attempted to find the defendant guilty of three crimes, this is not the case. Section 39-1704, T.C.A., prohibits the passing of forged papers *or* the attempt to pass forged paper. This Section of the Code does not embrace two crimes. Only one crime is involved and this crime is "complete upon the offer to perform the felonious act." *State v. Haynes,* 46 Tenn. 550 (1869); *Abston v. State,* 134 Tenn. 604, 185 S.W. 706 (1915).

Thus the verdict finds the defendant guilty of offering to pass forged papers *or* forgery. These are distinct crimes and one does not contain the other as a lesser included offense. *Buren v. State,* 84 Tenn. 61 (1885); *Luttrell v. State,* 85 Tenn. 232, 1 S.W. 886 (1886).

██ Where two or more offenses are charged in the same indictment, the verdict must be worded so as to indicate of which offense the defendant is found guilty. 53 Am.Jur., Trial, sec. 1056, page 732. "The verdict should be in language which is clear and certain as to its meaning and which cannot be mistaken." Wharton's Criminal Law and Procedure, sec. 21, Vol. 5, page 321.

██ We think that this verdict is so unintelligible as to render it invalid. One can only speculate on what the jury intended to do in this case; and no evidence of their intention can be gleaned from the punishment imposed since the maximum for both crimes is five (5) years in the penitentiary. Sec. 39-1721 and sec. 39-4204, T.C.A.

In holding that this verdict is invalid because of indefiniteness, we are not unaware of our decisions in which we have held that the disjunctive "or" may, in some cases, be properly interpreted to mean the conjunctive "and". *Interstate Life & Accident Ins. Co. v. Gann,* 196 Tenn. 422, 268 S.W.2d 336, A.L.R.2d 1230 (1954),

and cases cited therein. However, these cases are no authority for such a holding here as a cursory examination of them will reveal.

This case is similar in principle to the case of *State v. Albardy,* 238 N.C. 130, 76 S.E.2d 381 (1953), where the North Carolina Supreme Court said:

"The verdict must be interpreted in the light of the criminal complaint because the jury found 'the defendant guilty of lottery as charged in the warrant.' When this is done, it appears that the jury made this anomalous finding; That the defendant is guilty of selling lottery tickets, *or* that the defendant is guilty of bartering lottery tickets, *or* that the defendant is guilty of causing another to sell lottery tickets, *or* that the defendant is guilty of causing another to barter lottery tickets. This being true, the verdict is invalid for uncertainty. It is not sufficiently definite and specific to identify the crime of which the defendant is convicted."

█ The form of the verdict was not objected to at the trial nor was it assigned as error on this appeal. However, we think that the nature of the error brings this case within the decision of *First National Bank of Elgin, Ill. v. Russell,* 124 Tenn. 618, 139 S.W. 734 (1911), where this Court said:

"It is well settled, however, under our practice, that when necessary to meet the ends of justice, this court has the right to notice, and will notice, errors of the lower court, and, *when the error is very plain,* will correct it of its own motion." (Emphasis ours.)

Since we feel that the unintelligible nature of the verdict in this case requires that it be reversed for a new trial, we will not consider the other assignments of error urged by the defendant.

The case is, therefore, reversed and remanded for a new trial.