**Bobby R. ANDERSON, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

March 10, 1977.

Certiorari Denied by Supreme Court
June 13, 1977.

Robert H. Green and David T. Black, Maryville, for appellant.

Brooks McLemore, Atty. Gen., Nashville, H. Kenneth Deatherage, Dist. Atty. Gen., Kingston, John C. Crawford, III, Asst. Dist. Atty. Gen., Maryville, Edward P. Bailey, Jr., Asst. Dist. Atty. Gen., Lenoir City, for appellee.

## OPINION

RUSSELL, Judge.

The defendant-appellant, Bobby R. Anderson, appeals his conviction under both counts of a two-count indictment charging him with (1) forgery and (2) uttering a forged instrument. The jury set punishment at three years in each case, recommending that they be ordered to be served concurrently; but the trial judge, after a hearing in which Anderson's many past crimes were made to appear, required consecutive service of the two three year sentences.

The predominant question raised upon this appeal is whether or not both of these convictions can stand. The State's proof was that Anderson showed up in a market in possession of a valid check in the amount of $157.21 made payable to one Willie Boring. The check was issued to Boring by Veach-May-Wilson, Inc. in payment for lumber, and was mailed to Boring, delivered to his mailbox, but never received by him. Anderson picked out a few groceries from the food market and carried them to the cashier. There, in her presence, he endorsed the name of Willie Boring to the check, and it was accepted by the cashier and full payment made upon it. No identification was required of Anderson, and his name was not endorsed upon the check.

To say that the courts of this State have had difficulty in formulating a clear and workable rule for determining whether two closely related convictions can both stand is to simply relate history. However, both our Supreme Court and this Court have recently readdressed the problem, and a formula has emerged. The leading case is

*State v. Black,* 524 S.W.2d 913 (Tenn.1975), which characterized the problem as being one of identity of offenses. The Court stated that each case required close and careful analysis of the offenses involved, the statutory definitions of the crimes, the legislative intent and the particular facts and circumstances. In another opinion released on the same day, *State v. Scates,* 524 S.W.2d 929 (Tenn.1975), the Court expressly adhered to the principle that the test is not whether the offenses involve the "same transaction", but rather whether the same evidence was required to prove both of them. In the case of *State v. Briggs,* 533 S.W.2d 290 (Tenn.1976), our Supreme Court overruled a prior holding and ruled that one who committed murder while perpetrating a robbery could be convicted of both armed robbery and first degree murder. This Court, in the case of *Greer v. State,* 539 S.W.2d 855 (Tenn.Cr.App.1976), applied *Black* to the case of dual convictions for burglary (breaking and entering with the intent to commit rape) and rape, and held that both convictions could stand, expressly overruling the earlier case of *Walton v. State,* 1 Tenn.Cr.App. 668, 448 S.W.2d 690 (1969).

■ It is beyond dispute that forgery and uttering a forged instrument are separate and distinct offenses, and that neither is included within the other. *Buren v. State,* 84 Tenn. 61 (1885); *Baldwin v. State,* 213 Tenn. 49, 372 S.W.2d 188 (1963). Forgery is the fraudulent making or alteration of any writing to the prejudice of another's rights. T.C.A. § 39–1701. The common law offense of uttering is carried in T.C.A. § 39–1704 and described as being committed when any person fraudulently passes or transfers, or offers to pass or transfer, any forged paper, knowing it to be forged, with intent to defraud another.

In the case at bar, the indictment avers that the forgery was committed with the intent to defraud Willie Boring, the payee; while it is said that the transfer or passing of the check was with the intent to defraud Chester Sterling d/b/a Sterling's IGA.

To point up the separate character of these two offenses, our Supreme Court has held that where one is charged only with forgery that it is reversible error to prove the selling or transfer of the instrument. *Luttrell v. State,* 85 Tenn. 232, 1 S.W. 886 (1886).

The exact question presented upon this appeal has not been directly addressed in a reported decision of our Supreme Court or of this Court. The unreported case of *Larry Michael Otis v. State,* relied upon by the Appellant, was decided by a panel of this Court and filed at Jackson on March 10, 1976. However, in denying petitions for certiorari filed by both parties, our Supreme Court expressly concurred in result only. (In *Otis,* while this Court held that only one conviction could stand, the sentences had been made concurrent, so that *no change of effective sentence resulted.)*

Because of the diversity of approaches by the many jurisdictions to this problem of multiple related convictions, and the differences in offense definitions made there, it is of little help to look outside our State for guidance. We find this language in 2 R. Anderson, *Wharton's Criminal Law and Procedure,* page 437, § 648 (1957):

> Uttering a forged instrument consists in offering to another the forged instrument with a knowledge of the falsity of the writing and with intent to defraud. Uttering is an offense at common law. In many jurisdictions uttering is an offense distinct from that of forgery, and a defendant may be guilty of uttering a forged instrument although he is not the forger. Sometimes, however, the two are held to constitute a single offense when committed by the same person in the course of the same transaction, and it has been declared that they are generally so considered, the question under consideration being whether separate sentences can be imposed on a plea of guilty to two counts * * *.

The same text writer, on pages 443 and 444, § 651, says:

> In the absence of a statute to the contrary, forgery of an instrument and its uttering are distinct offenses within the

rule of former jeopardy. The rule, therefore, that a person may be prosecuted only once for the same transaction, or for offenses growing out of the same transaction, does not obtain in cases of forgery and the passing of forged instruments, because they are not one and the same transaction, and an acquittal of a charge of forgery is no bar to a prosecution for the uttering and passing of the instrument forged. The rule, of course, is subject to statutory provisions assimilating the two crimes.

■ What makes the instant case a hard one is the fact that both crimes were committed at the same place at nearly the same time, and to achieve one end result. However, check forgery and uttering, though clearly separate offenses, always intend the ultimate fraudulent passing to be the end goal, although the crime of forgery is completed before the transfer is even attempted. Unity of intent does not merge the offenses. *Greer v. State,* supra, dealt with a unified intent, i.e. a breaking and entering with the intent to rape, and with the intended rape. Our Supreme Court has expressly rejected the same transaction test. *State v. Black,* supra; *State v. Scates,* supra; *State v. Briggs,* supra; as had this Court in *Greer v. State,* supra.

■ Applying the tests of *Black,* we identify these as separate offenses, requiring separate evidence; and can discern no legislative intent that they be merged. Following *Black's* direction to look also to the particular facts and circumstances, we see this as an unusual example of separate perpetrations, because of the unity of place and near unity of time; but this does not change the fact that two crimes were in fact and law committed.

■ This leads into the next question, which is whether or not this is a proper case for consecutive sentences. Applying the guidelines of *Gray v. State,* 538 S.W.2d 391 (Tenn.1976), to the action of the trial judge, we find no abuse of discretion in his holding that Anderson's past record called for consecutive sentences. In *Gray's* terms, he was both a persistent and a multiple offender.

At the hearing upon the matter, the State presented that Anderson had three prior convictions in the same Court for forgery and uttering, that many other like offenses were not even prosecuted, that he had a prior burglary conviction in the same Court, that he was at that time a fugitive from North Carolina for jumping bail on a burglary conviction, and that he was also wanted in North Carolina on a charge of larceny and receiving and concealing stolen property.

We affirm the setting of consecutive sentences. This is especially fitting since the jury, not having knowledge of this criminal record, set only minimum sentences.

The assignments of error attacking the wording of the counts in the indictment are without merit. The offenses were well stated, if a bit fully.

Finally, complaint is made of one portion of the judge's charge, wherein he instructed the jury:

I further charge you that where a defendant makes no explanation of his acquisition and possession of a forged instrument made payable to him, title to which he claims, or claims to be the payee, although he is not, and which he cashed or offered to cash, raises the presumption of his guilt and you would be justified to convict him.

The thrust of the complaint against this charge is that it told the jury "that possession of a forged instrument raises a presumption of guilt unless the possessor explains his possession", and that this places a burden upon the defendant to testify in violation of the Fifth Amendment right to remain silent.

■ In the context of this case, wherein the only thing that is factually involved that is covered by the charge is the implicit claim of Anderson to be the payee when he was not, and the judge instructed the jury that it would be justified to convict him, not that it *must,* we hold that error in this charge, if any, was at most harmless. It is important to note that such presumption was not said to mandate a conviction. *Bush*

*v. State,* 541 S.W.2d 391 (Tenn.1976), deals with an analogous presumption, and makes clear the importance of this point. It is also important to observe that under the facts of this case, wherein Anderson forged the endorsement and then passed the check all within the view of the cashier, that it was really not necessary to tell the jury that this raised a presumption of his guilt of passing a forged check, since it so clearly made out all of the elements of the crime. Obviously, Anderson transferred a forged paper, knowing it to be forged, with intent to defraud. This, even with the charge, really raised no more of a presumption of guilt than would occur in any case wherein all of the elements of a crime were prima facie established. A rebuttable presumption of guilt which is said to arise upon the proof of certain facts is really no more than the statement of a pre-verdict judicial appraisal that acceptable proof of those facts, where unrebutted, sufficiently makes out the State's case as a matter of law, if and when accepted by the jury as convincing beyond a reasonable doubt of the guilt of the accused.

We have carefully examined all of the assignments of error; and, having found no reversible error, affirm the convictions and consecutive sentences.

GALBREATH, J., dissenting.

DAUGHTREY, J., separately concurring.

DAUGHTREY, Judge, concurring.

I concur fully in the opinion filed in this case by my colleague, Judge Russell. In view of the separate dissenting opinion filed by Judge Galbreath, I conclude that two further comments are appropriate.

In the first place, the hypothetical analogies posed by Judge Galbreath must be distinguished from the case at hand. In each of the given examples, the "forged" document is a creation of the forger. But in this case the instrument forged was not a sham; it was an actual check, which, it is fair to assume from the record, was stolen from the mail or from the constructive possession of the actual payee. Under such circumstances the forgery of the payee's name is at least prima facie evidence of an intent to defraud on the part of the forger.

Furthermore, the case of *Patmore v. State,* 152 Tenn. 281, 277 S.W. 892 (1925), relied on heavily by Judge Galbreath in his dissent, has been thoroughly eroded, if not overruled *sub silentio,* by subsequent decisions of the Tennessee Supreme Court. In *State v. Black,* 524 S.W.2d 913 (Tenn.1975), the court traced the development of a line of cases supporting the "same intent-same transaction" rule exhibited in *Patmore.* This line of cases had culminated in *Acres v. State,* 484 S.W.2d 534 (Tenn.1972). After examining the *Patmore-Acres* rationale, and testing it against the rule developed in a parallel line of cases, a line of cases which culminated in *Duchac v. State,* 505 S.W.2d 237 (Tenn.1973), the court in *Black* reaffirmed *Duchac* and confined *Acres* to its facts (felony murder). 524 S.W.2d at 919. Seven months later, in *State v. Briggs,* 533 S.W.2d 290 (Tenn.1976), the court reversed *Acres* outright.

I conclude that if *Patmore* was ever good law after *Duchac,* the case is no longer controlling. It is noteworthy also that the separate convictions in *Duchac* were for possession of burglary tools and burglary, a situation analytically similar to the forgery-uttering charges now before us.

As previously stated, I concur in Judge Russell's opinion.

GALBREATH, Judge, dissenting.

Recognizing that the majority has sound, albeit conflicting, support for the holding that the acts of forgery and uttering, or passing, the forged instrument may be two distinct criminal acts subject to dual punishment, I cannot intellectually accept the result reached.

If the defendant had simply signed the check and nothing more, no prosecution at all would have resulted since no loss to anyone would have occurred. Forgery is the fraudulent making or altering of any writing to the prejudice of another's right. T.C.A. § 39–1701.

One might make out a deed to his neighbor's home and effect a facsimile of the owner's signature to it. He might draft a note for one million dollars and sign Nelson Rockefeller as the maker. He might make out a bill of sale for the Brooklyn Bridge that purports to bear the signature of the appropriate official of the City and State of New York ostensibly conveying title to himself. He might do all of these acts but until he demonstrates that he did so with the intent and for the purpose of defrauding another person, no crime is committed.

It was the cashing of the check simultaneous with effecting the false signature that made the transaction unlawful. If the defendant had put the check in his pocket and went about his business, he would not have been in violation of law even though the clerk of the IGA store may have recognized that he had written someone else's name as a signature. No prejudice to anyone would have occurred so long as the check remained in the defendant's pocket, (other than in the obvious theft involved).

Even if technically the making and the passing of the check constituted separate criminal acts so far as I can determine no decision of our Supreme Court has even overruled the clear holding of *Patmore v. State,* 152 Tenn. 281, 277 S.W. 892 (1925):

> " 'While, in view of these authorities, we feel constrained to hold that in a case like this the jury may find the prisoner guilty upon each count, and ascertain the punishment separately, we are of opinion that the usual and better practice in such cases is to find a general verdict for the two cognate offenses charged.'
>
> "Even if it be conceded that two convictions and two punishments may be had in any case upon separate counts, the practice is not approved, and, certainly it must be clear that the offenses are wholly separate and distinct. Our own cases appear to prohibit the practice where the offenses grow out of one transaction and involve but one criminal intent."

In view of the facts in this case and what appears to me to be controlling law and logic, I must respectfully dissent from the majority opinion.